# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| Stafford A. Townsend and Beryl R. Townsend <br>        Plaintiff, <br><br> V. <br><br> M&T Mortgage Corp., <br> Richman, Berenbaum & Associates, PC <br> Chase Home Finance LLC <br><br>        Defendant. | CASE NO. _____ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and 11 U.S.C. §524(a)(2) and the Pennsylvania Fair Credit Extention Uniformity Act 73 P.S. §2270, et seq.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here in Pennsylvania.

## PARTIES

4. Plaintiffs Stafford Townsend and Beryl Townsend (hereinafter "Townsend") are natural persons who resides at 875 Towmensing Trials P.O. Box 1183, Albrightsville, County of Carbon, Commonwealth of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

5. Defendant M&T Mortgage Corporation (hereinafter "M&T") has a registered office address

of 1515 Market Street, Suite 1210, Philadelphia, PA and an address of 1 M & T Plaza, Buffalo, New York, 14203

6. Defendant, Richman, Berenbaum & Associates, PC, (hereinafter "Richman")is a professional corporation with an address of 2200 Walnut Street, Philadelphia, PA 19103.

7. Defendant Chase Home Finance, LLC (hereinafter "Chase") has an address of 3415 Vision Drive, Columbus, OH 43219-6009.

8. Defendant Chase Home Finance, LCC does not have a registered office address in Pennsylvania.

9. Defendants, M&T, Richman and Chase, are upon information or belief corporations engaged in the business of debt collection and each is a "debt collector" as that term is defined by 15 U.S.C.§ 1692(a)(6).

10  At all times relevant to this Complaint, Defendants, M&T, Richman, and Chase, conducted business in the Middle District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C.§ 1692(a)(6).

## FACTUAL ALLEGATIONS

11. Plaintiffs Townsend incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C.§ 1692(a)(5), namely a debt with M&T for the purchase of his residence (hereinafter the "debt").

12.  No recorded mortgage secured the debt.

13. The debt was not perfected by any security interest by M&T.

14. The debt began to be collected by Defendant, Chase, on or about December 12, 2004.

15. On or about May 16, 2006 the Plaintiffs Townsend petitioned for Chapter 7 bankruptcy, and the debt was subsequently discharged.

16. Among the creditors holding claims listed in Townsend's bankruptcy petition was Chase Home Finance.

17. By filing a Chapter 7 bankruptcy and listing Chase Home Finance in their schedules, Townsend gave proper legal notice to Defendants that the debt was to be discharged, and that all future communications regarding the debt was to be addressed to Townsend's attorney, William G. Schwab, Esq.

18. The debt was discharged on September 6, 2006 under section 727 of title 11, United States Code, of which the ORDER of discharge is attached as Exhibit "A."

19. On November 18, 2008, Defendant Chase contacted Townsend via U.S. Mail at their residence concerning the debt that Townsend owed despite the fact that Defendants were put on notice that the debt had been discharged in a Chapter 7 bankruptcy.

20. In a November 18, 2008 letter, Defendant Chase Home Finance LLC demanded payment of the alleged debt from the Plaintiffs without their attorney's consent to direct communications with the consumer.

21. In bold type, Defendant Chase stated, "**Chase Home Financial LLC is attempting to collect a debt and any information obtained will be used for that purpose**".

22. Defendant Chase attempted to collect on a discharged debt.

23. Defendant Richman then pursued legal action against Plaintiffs so that M&T could collect on the Debt despite knowing of the debt being discharge in bankruptcy.

24. Richman never sent Plaintiffs written notice validating the debt as prescribed by 15 U.S.C.§ 1692g.

25. No action was filed to reopen the bankruptcy case and lift the Discharge Injunction by any

party.

26. Defendants, M&T and Richman, with knowledge that the debt was discharged, filed a complaint against Plaintiffs to quiet title on January 25, 2008 in the Court of Common Pleas of Carbon County, docket at number 08-0238.

27. The Defendants in the State Court action have acknowledged that the underlying debt was discharged.

28. The Defendants, M&T and Richman, sole purpose is to lien the property of the Plaintiffs to secure payment of a discharged debt.

29. This action was commenced even though the debt to be collected had been lawfully discharged.

30. Because Defendants, with notice, attempted to collect on a debt that was lawfully discharged, the Defendants violate numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692 (c)(a)(2),15 U.S.C. §§ 1692(f)(1) and15 U.S.C. §§ 1692(g); and violates 11 U.S.C. §524(a)(2); and violates provisions of Pennsylvania Fair Credit Extension Uniformity Act 73 P.S. § 2270.

## COUNT I

**STAFFORD A. TOWNSEND and
BERYL R. TOWNSEND
v.
M&T MORTGAGE CORPORATION
RICHMAN, BERENBAUM & ASSOCIATES, PC and
CHASE HOME FINANCE LLC**

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 30 against the Defendants, M&T, Chase and Richman, above as if those allegations were set forth at length herein.

32. As a result of Defendants' violation of the FDCPA, Plaintiff has incurred actual damages in the form of increased stress, anxiety, embarrassment, and frustration; and incurred legal expenses to defend Defendant's legal action to quiet title to a discharged debt.

33. The foregoing acts and omissions of the Defendants constitute multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C.§§ 1692 et seq.

34. As a result of Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C.§ 1692(k)(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C.§ 1692(k)(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C.§ 1692(k)(a)(3) from Defendants

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

(a)     For an ORDER declaring that the Defendants' actions as described above are in violation of the FDCPA;

(b)  For an award of actual damages pursuant to 15 U.S.C.§ 1692(k)(a)(1);

(c)  For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.§ 1692(k)(a)(2)(A) against Defendants;

(d)  For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.§ 1692(k)(a)(3) against Defendants;

(e)  For such other and further relief as this Court deems just.

## TRIAL BY JURY

35. Plaintiffs are entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## COUNT II

### VIOLATION OF DISCHARGE INJUNCTION OF 11 U.S.C. § 524(a)(2) STAFFORD A. TOWNSEND and BERYL R. TOWNSEND v. M&T MORTGAGE CORPORATION RICHMAN, BERENBAUM & ASSOCIATES, PC and CHASE HOME FINANCE LLC

36. Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 34 against Defendants M&T, Richman, and Chase above as if those allegations were set forth at length herein.

37. As a result of Defendants' violation of the 11 U.S.C. §524(a)(2), Plaintiff has incurred actual damages in the form of increased stress, anxiety, embarrassment, and frustration; and incurred legal expenses to defend Defendant's legal action to quiet title of a discharged debt.

38. By soliciting payment in the above described manner and by taking actions to collect, and/or recover debts which were discharged the Defendants have violated 11 U.S.C. §524(a)(2).

39. As a result of Defendants' violation of 11 U.S.C. §524(a)(2), Plaintiff has suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages and reasonable attorney's fees and costs from the Defendants.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

(a)　　For an ORDER declaring that the Defendants' actions as described above are in violation of 11 U.S.C. §524(a)(2);

(b)　　For an ORDER declaring that the Defendants are held in civil contempt for violating the permanent injunction imposed by 11 U.S.C. §524(a)(2);

(c)　　For an award of actual damages pursuant to 11 U.S.C. §524(a)(2);

(d)　　For an award of costs of litigation and reasonable attorney's fees pursuant to 11 U.S.C.§ 524(a)(2) against Defendants;

(e)　　For such other and further relief as this Court deems just.

## ALTERNATIVE COUNT III

**STAFFORD A. TOWNSEND and
BERYL R. TOWNSEND
v.
M&T MORTGAGE CORPORATION
RICHMAN, BERENBAUM & ASSOCIATES, PC and
CHASE HOME FINANCE LLC**

**VIOLATION OF PENNSYLVANIA FAIR CREDIT EXTENTION UNIFORMITY ACT
OF 73 P.S. §2270**

40. Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 34 against Defendant M&T, Richman, and Chase above as if those allegations were set forth at length herein.

41. In the alternative M&T and/or Chase are "creditors" as defined by 73 P.S. §2270.3.

42. Defendants' violated the Pennsylvania Fair Credit Extension Uniformity Act (FCEUA) by violating the FDCPA intentionally with the purpose of coercing Plaintiff to pay a discharged debt.

45. As a result of the Defendants' violations of FCEUA, Plaintiffs are entitled to actual damages, statutory damages pursuant to 73 P.S. § 2270.5 and 73 P.S. § 201-9.2 and attorney's fees and costs pursuant to 73 P.S. § 2270.5 and 73 P.S. § 201-9.2.

WHEREFORE, Plaintiffs prays that judgment be entered against Defendants for:

(a) For an award of actual damages pursuant to 73 P.S. § 2270.5 and 73 P.S. § 201-9.2 against Defendants;

(b) For an award of statutory damages pursuant to 73 P.S. § 2270.5 and 73 P.S. § 201-9.2 against Defendants;

(b) For an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S. § 2270.5 and 73 P.S. § 201-9.2 against Defendants.

(c) For such other and further relief as may be just and proper.

Dated: September __, 2009

WILLIAM G. SCHWAB & ASSOCIATES

By: _____
ADAM R. WEAVER, Esquire
Attorney for Plaintiff
PA Attorney ID No.#208766
811 Blakeslee Blvd. Dr. East
PO Box 56
Lehighton, PA 18235
(610) 377-5200

**EXHIBIT A**