UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Stafford A. Townsend and Beryl R. Townsend,<br>　　　　Plaintiffs,<br><br>v.<br><br>M&T Mortgage Corp.,<br>Richman, Berenbaum & Associates, P.C., and<br>Chase Home Finance, LLC,<br>　　　　Defendants. | Case No. 09-CV-1866<br><br>Nature of Proceeding:<br>Motion to Disqualify |

## PLAINTIFF'S MOTION TO DISQUALIFY CHRISTOPHER J. FOX AND RICHMAN, BERENBAUM & ASSOCIATES, P.C. AS COUNSEL FOR M&T MORTGAGE CORP.

AND NOW COME the Plaintiffs, Stafford A. Townsend and Beryl R. Townsend, by and through their counsel, William G. Schwab & Associates, and move this Honorable Court to disqualify Attorney Christopher J. Fox and his law firm Richman, Berenbaum & Associates, P.C. as counsel for M&T Mortgage Corporation by stating the following:

1. On September 29, 2009, the Plaintiffs filed a Complaint against M&T Mortgage Corporation, Richman, Berenbaum & Associates, P.C., and Chase Home Finance, LLC. The Complaint has three counts: Count I - Violation of the Fair Debt Collection Practices Act; Count II - Violation of the Discharge Injunction of 11 U.S.C. § 524(a)(2); and Count III - Violation of the Pennsylvania Fair Credit Extension Uniformity Act of 73 P.S. § 2270.

2. This action arose out of the direct and personal conduct of Christopher J. Fox,

an attorney for the named Defendant Richman, Berenbaum & Associates, P.C.

3. On January 25, 2008, Mr. Fox initiated an action against the Plaintiffs in the Court of Common Pleas of Carbon County Pennsylvania to collect a discharged debt on behalf of M&T Mortgage Corp., indexed to case number 08-0238. Mr. Fox personally signed the verification of the complaint. Attached to the complaint was an unsigned mortgage. The complaint further demanded relief to record an unsigned copy of a mortgage.

4. On October 10, 2008, Mr. Fox filed a motion for summary judgment in state court against the Plaintiffs despite knowledge of the Plaintiffs' bankruptcy discharge. Mr. Fox personally signed the verification to the motion for summary judgment. No affidavit was attached from a representative of M&T Mortgage Corp. when the motion was filed.

5. Mr. Fox's motion for summary judgment in state court specifically stated that M&T Mortgage Corp. was unable to locate the original mortgage to be recorded.

6. Despite Mr. Fox's filings in state court, Mr. Fox was aware through discovery by him directed to the Plaintiffs that any lien had been released by M&T Mortgage Corporation by letter to the Plaintiffs on February 22, 2005 and by M&T Mortgage Corp. filing a Satisfaction of Mortgage with the Carbon County Recorder of Deeds, Book 1300, Page 0828.

7. On October 26, 2009, Mr. Christopher J. Fox, an attorney for Richman, Berenbaum & Associates, P.C., personally filed an answer to the Plaintiffs' Complaint on behalf of his law firm and on behalf of M&T Mortgage Corporation.

8 Mr. Fox also stated a Counterclaim on behalf of M&T Mortgage Corporation seeking declaratory relief to record a mortgage allegedly entered into sometime in

2004, which is virtually identical to the state court complaint filed on January 25, 2008.

9. Attorney Christopher J. Fox is dually representing his law firm Richman, Berenbaum & Associates, P.C. and M&T Mortgage Corporation as Defendants to the Plaintiffs' Complaint.

10. According to the Pennsylvania Rules of Professional Conduct, a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. Pa.R.P.C. 1.7.

11. A concurrent conflict of interest exists if (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

12. Pursuant to Rule 3.7 of the Pennsylvania Professional Rules of Conduct, a lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness.

13. There is a concurrent conflict of interest in that Attorney Mr. Fox is representing the Defendant M&T Bank as well as his firm being a Defendant to the Plaintiffs' Complaint.

14. Mr. Fox acted in such a fashion in the state court proceedings that M&T is now vulnerable to this suit by the Plaintiffs and M&T may have potential cross-claims against Mr. Fox and/or his firm.

15. Mr. Fox is a necessary witness in the present case since he was personally involved and performed the actions complained of in the Plaintiffs' Complaint.

16.     It is necessary for the Plaintiffs to conduct a deposition of Mr. Fox regarding his action on behalf of the Defendant M&T Mortgage Corp.

17.     Mr. Fox is a necessary witness for the Defendant Richman, Berenbaum & Associates, P.C. in their decision to take the case as a debt collector for M&T Mortgage Corp. and the subsequent steps they took to collect the debt in compliance with the Fair Debt Collection Practices Act.

18.     Until Mr. Fox is deposed, it is unclear who the primary actors on behalf of M&T Mortgage Corp. are, and who authorized the collection of the alleged debt from the Plaintiffs.

19.     Mr. Fox, as dually representing the two Defendants, presents a conflicting role between the Defendants and gives an appearance of impropriety.

20.     It is unclear from the pleadings whether M&T Mortgage Corp. has given its informed consent to the dual representation of Mr. Fox.

21.     Disqualification of Mr. Fox and his law firm  Richman, Berenbaum & Associates, P.C. will not put a substantial burden on M&T; since new counsel can be retained without disadvantage to M&T at this early stage of the pleadings.

22.     Numerous answers Mr. Fox gave in response to the substance to the Plaintiffs' Complaint contradict those responses Mr. Fox gave on behalf of M&T during the state court action.

23.     In regards to the Mr. Fox's answer to the Plaintiffs' Complaint, Paragraph 15, which states "On or about May 16, 2006 the Plaintiffs Townsend petitioned for Chapter 7 bankruptcy, and the debt was subsequently discharged.", Mr. Fox answered this allegation by stating the following: "Denied.  After reasonable investigation, Defendants

are without knowledge sufficient to form a belief as to the truth of the averments of this paragraph, which are therefore denied.  Strict proof thereof is demanded at time of trial."

24.	In regards to Mr. Fox's answer to the state court action on behalf of M&T  to Request for Admissions #4 which states, " On September 6, 2006, the Townsends were granted a Discharge by United States Bankruptcy Judge Thomas ", Mr. Fox on behalf of M&T "admit[s] that the Townsends were granted a discharge by the United States Bankruptcy Judge on September 6, 2009."

25.	In regards to Mr. Fox's answer to the Plaintiffs' Complaint, Paragraph 18, which states "The debt was discharged on September 6, 2006 under section 727 of title 11, United States Code, of which the ORDER is attached as Exhibit "A."", Mr. Fox answered this allegation by again stating the following: "Denied.  After reasonable investigation, Defendants are without knowledge sufficient to form a belief as to the truth of the averments of this paragraph, which are therefore denied.  Strict proof thereof is demanded at time of trial."

26.	In regards to Mr. Fox's answer to the state court action on behalf of M&T  to Request for Admissions #4 which states, " On September 6, 2006, the Townsends were granted a Discharge by United States Bankruptcy Judge Thomas ", Mr. Fox on behalf of M&T "admit[s] that the Townsends were granted a discharge by the United States Bankruptcy Judge on September 6, 2009."

27.	In regards to Mr. Fox's answer to the Plaintiffs' Complaint, Paragraph 23, which states "Defendant Richman then pursued legal action against Plaintiffs so that M&T could collect on the Debt despite knowing of the debt being discharge in bankruptcy.",

Mr. Fox answered stating the following: "Defendants deny the allegations in this paragraph of the Plaintiff's complaint.  Defendants have moved to quiet title the Property in order to record the Mortgage.  The Mortgage has not been discharged by the bankruptcy."

28.     In regards to Mr. Fox's answer to the state court action on behalf of M&T  to Request for Admissions #4 which states, " On September 6, 2006, the Townsends were granted a Discharge by United States Bankruptcy Judge Thomas ", Mr. Fox on behalf of M&T "admit[s] that the Townsends were granted a discharge by the United States Bankruptcy Judge on September 6, 2009."  In addition Mr. Fox through discovery in the state court action was made aware that the Mortgage to M&T was satisfied by M&T Mortgage Corp. filing of a Satisfaction of Mortgage with the Carbon County Recorder of Deeds, Book 1300, Page 0828.

29.     In regards to Mr. Fox's answer to the Plaintiffs' Complaint, Paragraph 24, which states "Richman never sent Plaintiffs written notice validating the debt as prescribed by 15 U.S.C.§1692g.", Mr. Fox answered in the following:  "Denied.  After reasonable investigation, Defendants are without knowledge sufficient to form a belief as to the truth of the averments of this paragraph, which are therefore denied.  Strict proof thereof is demanded at time of trial."

30.     Mr. Fox would have direct knowledge of his procedures used as debt collector of M&T as to whether he sent any written notices validating the debt to the Plaintiffs.

31.     In regards to Mr. Fox's answer to the Plaintiffs' Complaint, Paragraph 25, which states "No action was filed to reopen the bankruptcy case and lift the Discharge Injunction by any party.", Mr. Fox answered in the following:  "Denied.  After reasonable

investigation, Defendants are without knowledge sufficient to form a belief as to the truth of the averments of this paragraph, which are therefore denied. Strict proof thereof is demanded at time of trial."

32. Again, Mr. Fox has direct knowledge of whether M&T or himself would have moved to reopen the bankruptcy case and lift the discharge injunction in the Plaintiffs' closed bankruptcy case.

33. In regards to Mr. Fox's answer to the Plaintiffs' Complaint, Paragraph 26, which states "Defendants, M&T and Richman, with knowledge that the debt was discharged, filed a complaint against Plaintiffs to quiet title on January 25, 2008 in the Court of Common Pleas of Carbon County, docket at number 08-0238.", Mr. Fox answered in relevant part that "It is denied that Richman Berenbaum & Associates, PC had knowledge of any prior bankruptcy filed by Plaintiffs."

34. Mr. Fox gave no responsive pleading on behalf of M&T as to whether it had knowledge of the Plaintiffs' bankruptcy case and discharge order.

35. In regards to Mr. Fox's answer to the Plaintiffs' Complaint, Paragraph 27, which states "The Defendants in the State Court action have acknowledged that the underlying debt was discharged.", Mr. Fox answered in the following: "Denied. After reasonable investigation, Defendants are without knowledge sufficient to form a belief as to the truth of the averments of this paragraph, which are therefore denied. Strict proof thereof is demanded at time of trial."

36. Mr. Fox, as the attorney handling the state court quite title complaint for M&T has personal knowledge as to whether he admitted to the debt being discharged on behalf of M&T.

37.     Throughout the state court proceedings and its discovery, Mr. Fox is capable of answering the substantive allegations of the Plaintiffs' Complaint.

38.     The Plaintiffs have attempted to create a joint case management plan with Mr. Fox; however, he has unilaterally created a joint management plan in pdf format that does not give the Plaintiffs or the Defendants Chase Home Finance, LLC any input into the creation of the joint case management plan.

39.     The Plaintiffs believe that the above-described actions are sufficient to disqualify Attorney Christopher J. Fox and the Defendant Richman, Berenbaum & Associates, P.C. from representing the Defendant M&T Mortgage Corporation.

WHEREFORE, the Plaintiffs pray that this Honorable Court disqualifies Attorney Christopher J. Fox and the Defendant Richman, Berenbaum & Associates, P.C. from representing the Defendant M&T Mortgage Corporation.

Respectfully submitted,

WILLIAM G. SCHWAB & ASSOCIATES:

BY:     /s/William G. Schwab
        WILLIAM G. SCHWAB, ESQUIRE
        Attorney for Plaintiffs
        P.O. Box 56
        Lehighton, PA 18235
        (610) 377-5200; (610) 377-5209 (FAX)

WILLIAM G. SCHWAB & ASSOCIATES:

BY:     /s/Adam R. Weaver
        ADAM R. WEAVER, ESQUIRE
        Attorney for Plaintiffs
        P.O. Box 56
        Lehighton, PA 18235
        (610) 377-5200; (610) 377-5209 (FAX)