UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Stafford A. Townsend and Beryl R. Townsend, Plaintiffs, v. M&T Mortgage Corp., Richman, Berenbaum & Associates, P.C., and Chase Home Finance, LLC, Defendants. | Case No. 09-CV-1866<br><br>Nature of Proceeding: Motion to Disqualify |

## BRIEF IN SUPPORT OF MOTION TO DISQUALIFY CHRISTOPHER J. FOX AND RICHMAN, BERENBAUM & ASSOCIATES, P.C. AS COUNSEL FOR M&T MORTGAGE CORP.

### INTRODUCTION

The Plaintiffs now bring forth their Motion to Disqualify Attorney Christopher J. Fox and Richman, Berenbaum & Associates, P.C. as counsel for M&T Mortgage Corporation. The Plaintiffs reference their averments to their Motion to Disqualify as if fully incorporated herein. Attorney Christopher J. Fox is dually representing his law firm Richman, Berenbaum & Associates, P.C. and M&T Mortgage Corporation as Defendants to the Plaintiffs' Complaint.

### PROCEDURAL HISTORY OF THE CASE

On September 29, 2009, the Plaintiffs filed a Complaint against M&T Mortgage Corporation, Richman, Berenbaum & Associates, P.C., and Chase Home Finance, LLC. The Complaint has three counts, including as Count I - Violation of the Fair Debt

1

Collection Practices Act, Count II - Violation of the Discharge Injunction of 11 U.S.C. § 524(a)(2), and Count III - Violation of the Pennsylvania Fair Credit Extension Uniformity Act of 73 P.S. § 2270.  This action arose out of the direct actions of Mr. Christopher J. Fox, an attorney for the named-Defendant Richman, Berenbaum & Associates, P.C. by initiating a state court complaint to collect a debt against the Plaintiffs.

On October 26, 2009, Mr. Christopher J. Fox, an attorney for Richman, Berenbaum & Associates, P.C., filed an answer to the Plaintiffs' Complaint on behalf of his law firm and on behalf of M&T Mortgage Corporation.  Mr. Fox also stated a Counterclaim on behalf of M&T Mortgage Corporation seeking declaratory relief to be enabled to record a mortgage that mirrors the state court complaint in the Court of Common Pleas of Carbon County.

On November 20, 2009, Chase Home Finance, LLC filed its answer to the Plaintiffs' Complaint.

## STATEMENT OF FACTS

The Plaintiffs incurred a financial obligation with the Defendants M&T Mortgage Corporation ("M&T" herein) and Chase Home Finance, LLC ("Chase" herein) on a loan for their residence.  The debt began to be collected by the Defendant Chase on or about December 12, 2004.  A mortgage was never recorded to secure any debt on the loan.  On or about May 16, 2006, the Plaintiffs filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code and subsequently received a discharge order that stayed any future collection efforts by creditors.

On or about January 25, 2008, the Defendant M&T filed complaint against the Plaintiffs in the Court of Common Pleas of Carbon County, Pennsylvania, docketed at

case number 08-0238, regarding a promissory note that the Defendant Chase was attempting to collect on. Attorney Christopher J. Fox of the Defendant Richman, Berenbaum & Associates, P.C. filed the complaint on behalf of M&T. Mr. Fox personally signed the verification of the state court complaint. The complaint further attached an unsigned copy of a mortgage and purported that the Plaintiffs had executed a copy at some point in time in the past.

In the state court proceedings, Mr. Fox had knowledge of the Plaintiffs' bankruptcy petition and subsequent discharge order. Through discovery in the state court proceedings, Mr. Fox was made aware of a letter by M&T addressed to the Plaintiffs on February 22, 2005 indicating that M&T filed a Satisfaction of Mortgage with the Carbon County Recorder of Deeds' Office, indexed to Book 1300, Page 0828. Mr. Fox explicitly acknowledged in the pleadings that M&T was never able to discover an original signed copy of the mortgage. With the above knowledge, Mr. Fox filed a motion for summary judgment against the Plaintiffs in the state court action and personally signed the verification.

No verification from a representative of M&T was attached to the state court complaint or to the motion for summary judgment when they were filed.

Since the commencement of the Plaintiffs' Complaint before this court, the Plaintiffs have attempted to create a joint case management conference plan with Mr. Fox; however, he has unilaterally created a joint case management plan in pdf format that does not give the Plaintiffs any input into its creation.

## STATEMENT OF QUESTIONS INVOLVED

### ISSUE PRESENTED:

Whether Attorney Christopher J. Fox and the Defendant Berenbaum & Associates, P.C. should be disqualified from representing M&T Mortgage Corporation under Pa.R.P.C. 1.7 and 3.7 when they are both named parties to the Plaintiffs' Complaint and Mr. Fox is a necessary witness to the Plaintiffs' Complaint and the Defendants' M&T Mortgage Corporation's defense.

### SUGGESTED ANSWER

**Yes**. Pa.R.P.C. 1.7 states that a lawyer shall not represent a client if the representation involves a concurrent conflict of interest and Pa.R.P.C. 3.7 mandates that a lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness.

### ARGUMENT

"The District Court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." *U.S. v. Miller*, 624 F.2d 1198, 1201 (3rd Cir. 1980). A district court "should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule." *Id*.

Pursuant to Local Rule 83.23.2, the Middle District of Pennsylvania has adopted the Rules of Professional Conduct as adopted by the Supreme Court of Pennsylvania. *See Mun. Revenue Servs. V. Xspand, Inc.*, 537 F.Supp. 2d 740, 745-746 (M.D. Pa 2008).

According to the Professional Rules of Conduct in Pennsylvania, a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. Pa.R.P.C. 1.7. A concurrent conflict of interest exists if (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the

4

representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. *Id*. Rule 1.7 contemplates two types of conflicts–egregious conflicts where joint representation is not permitted and lesser conflicts where joint representation is permitted. *Jackson v. Rohm & Haas Co.*, 2008 U.S. Dist. LEXIS 65632 (D. Pa. 2008). Egregious conflicts are those conflicts that are so irreconcilable that a client consent to the dual representation is impossible and disqualification must occur. *Id*. The line is crossed when the representation of one client cannot be reasonable expected not to be adverse to the other. *Id*. (citing *Capriotty v. Bell*, 1991 U.S. Dist. LEXIS 1930 (E.D. Pa. Feb. 15, 1991)); *Hesling v. Avon Grove School Dist.*, 2007 U.S. Dist. LEXIS 24209 (E.D. Mar. 30, 2007)("conflicts which threaten the confidence and respect of the community towards the bench and bar may not be waived even where the parties have consented to multiple representation").

Although egregious conflicts most likely arise in criminal cases, they also arise in civil actions. *Id*. Disqualification of the opposing party's counsel of choice carries a heavy burden on the moving party, however where a "serious potential for conflict exists, or where the appearance of conflict is unavoidable, doubts should be resolved in favor of disqualification in order to maintain public trust in the profession and in the adversarial process." *Vanderveer Group v. Petruny*, 1994 U.S. Dist. LEXIS 8867 (D. Pa. 1994); *Bennett Sivershein Associates v. Furman*, 776 F. Supp. 800. Opposing counsel can be disqualified if they might be called as a witness to previous events. *United States v. Tinsely*, 172 Fed. Appx. 431, 435 (3d Cir. 2006). For example, it was proper

to disqualify an attorney who had seen, handled, and discussed a similar gun and spoke with a defendant's girlfriend about it five years prior to the defendant being charged with firearm and drug offenses. *Id*.

Turning to the matter at hand, there is a concurrent conflict of interest in that Mr. Fox is representing the Defendant M&T as well as Defendant, Richman, Berenbaum & Associates, P.C., to the Plaintiffs' Complaint. Although this dual representation does not automatically create grounds for disqualification, Mr. Fox's actions on behalf of M&T in the state court action gave rise to the current action before this Court. The Defendants' status as a debt collector may or may not be one in the same and they could potentially have differing defenses as well as the possibility of cross-claims among the Defendants. Mr. Fox's actions in state court have directly given rise to the Plaintiffs' cause of action presently before this Court against M&T. With knowledge of the state court proceedings and its discovery conducted, Mr. Fox as counsel for both his law firm and M&T has denied certain allegations of the Plaintiffs' Complaint that the Defendant M&T would have been capable of substantively answering as illustrated by the record of the state court action. M&T's ability to protect its interest has thus been compromised by Mr. Fox's dual representation and creates a conflict of interest that warrants disqualification.

Furthermore, it is unclear from the pleadings that M&T has given its informed consent to Mr. Fox representing them in this proceeding. A representative M&T has not verified the pleadings or motions in the state court proceeding when originally filed.

M&T will not be substantially burdened by disqualifying Mr. Fox and his law firm from their representation of M&T since new counsel can be retained without

disadvantage to M&T at this early stage of the pleadings.

Pursuant to Rule 3.7 of the Pennsylvania Professional Rules of Conduct, a lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness. As the explanatory comment, note 2, of Pa.R.P.C. 3.7 states, "A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." For example, the driver of a car that is involved in an accident is a witness who can testify about his own conduct. Like the driver of the car, Mr. Fox was personally steering these actions and is therefore a witness.

Mr. Fox is a necessary witness in the present case. He has necessary information regarding M&T's decisions to bring forth their Quiet Title Action in state court. As such, Mr. Fox's testimony and deposition is necessary to reveal the primary actors involved in this case from M&T. Mr. Fox's testimony will relate only to contested issues of fact. Disqualification will not put a substantial burden on M&T to find new counsel. Furthermore, Mr. Fox's testimony may be prejudicial to his client because Mr. Fox's testimony relates to M&T's decision to attempt to collect a discharged debt against the Plaintiffs.

**CONCLUSION**

For the above stated reasons, Attorney Christopher J. Fox and Richman, Berenbaum & Associates, P.C. should be disqualified as counsel for M&T Mortgage Corporation.

Respectfully submitted,

WILLIAM G. SCHWAB & ASSOCIATES:

BY: <u>/s/William G. Schwab</u>
WILLIAM G. SCHWAB, ESQUIRE
Attorney for Plaintiffs
P.O. Box 56
Lehighton, PA 18235
(610) 377-5200; (610) 377-5209 (FAX)

WILLIAM G. SCHWAB & ASSOCIATES:

BY: <u>/s/Adam R. Weaver</u>
ADAM R. WEAVER, ESQUIRE
Attorney for Plaintiffs
P.O. Box 56
Lehighton, PA 18235
(610) 377-5200; (610) 377-5209 (FAX)