# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAFFORD A. TOWNSEND; and<br>BERYL R. TOWNSEND,<br>　　　　Plaintiffs | : <br>: <br>: <br>: | No. 3:09cv1866<br><br>(Judge Munley) |
| v. | : | |
| M&T MORTGAGE CORP.;<br>RICHMAN, BERENBAUM &<br>ASSOCIATES, P.C.; and<br>CHASE HOME FINANCE, LLC,<br>　　　　Defendants | : <br>: <br>: <br>: <br>: | |

## MEMORANDUM

Before the court is plaintiffs' motion to disqualify Christopher J. Fox and Richman, Berenbaum & Associates P.C. as counsel for M & T Mortgage Corp ("M & T"). (Doc. 14). Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises out of attempts by defendants to collect a debt that plaintiffs claim was discharged in bankruptcy. (See Complaint (Doc. 1)). Plaintiffs contend that defendants persisted in contacting them regarding the debt after its discharge in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. They filed suit on September 29, 2009, seeking actual and statutory damages, as well as costs and attorneys fees. On December 15, 2009, plaintiffs filed the instant motion. They contend that Christopher J. Fox, attorney for Defendant M&T Corporation, has

a concurrent conflict of interest because he could be a witness in the lawsuit and his firm, Richman, Berenbaum & Associates, could be the subject of a countersuit by M&T. These conflicts, plaintiffs insists, should lead to Fox and his law firm's disqualification under the Pennsylvania Rules of Professional Conduct.

**Legal Standard**

"Supervision of the professional conduct of attorneys practicing in federal court is a matter of federal law." United States v. Miller, 624 F.2d 1198, 1200 (3d Cir. 1980). Still, "[s]tate precedents as to professional responsibility should be consulted when they are compatible with federal law and policy and do not 'balkanize federal law.'" Century Indemnity Co. v. Congoleum Corp., 426 F.3d 675, 687 (3d Cir. 2005) (quoting Grievance Comm. For Southern District of New York v. Simels, 48 F.3d 640, 645 (2d Cir. 1995)). This court has adopted the Rules of Professional Conduct promulgated by the Supreme Court of Pennsylvania. L.R. 83.23.2.

In cases regarding professional ethics, "[t]he district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." Id. at 1201. The district court is to use its discretion in determining when to disqualify an attorney, but "the court should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule." Id. A court "should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the

2

counsel of his choice and enabling attorneys to practice without excessive restrictions." Id.

**Discussion**

Plaintiff argues that Attorney Christopher J. Fox and his law firm should be disqualified on two grounds. The court will address each in turn.

### I. Pennsylvania Rule of Professional Conduct 1.7

Plaintiff argues that Pennsylvania Rule of Professional Conduct 1.7 prohibits Fox and his law firm from representing Defendant M&T Mortgage in this litigation. That rule provides that with certain exceptions "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." PA. R. P. C. 1.7. The rule defines a "concurrent conflict of interest" as "(1) the representation of one client will be directly adverse to another client; or (2) there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Id. at (a)(1-2). The rule does not necessarily require disqualification, however. A lawyer is allowed to represent a client "notwithstanding a concurrent conflict of interest" when "(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) each

3

affected client gives informed consent." Id. at (b)(1-4).

Defendants submitted an affidavit from Thomas K. Frederick, esq., in response to plaintiffs' motion. (See Doc. 18). In the affidavit, Frederick represents that he is an officer of M & T Mortgage Corporation. (Id. at ¶ 2). Frederick received a copy of the complaint in this matter in October 2009. (Id. at ¶ 3). That same month, Frederick relates, M & T provided informed consent to Christopher J. Fox and his law firm to represent both M & T mortgage and Richman, Berenbaum & Associates, PC in the instant case. (Id. at ¶ 9). Frederick avers that M & T does not believe any conflict of interests exists in the matter, and conditionally waives any potential conflict. (Id. at ¶¶ 10-11). M & T also promises to obtain new counsel if any conflict of interest appears during the course of the litigation. (Id. at ¶ 12).

Defendants also submitted the affidavit of Christopher J. Fox, esq. (See Doc. 16-4). Fox states that he advised M & T that he had received a copy of the complaint in this matter in October 2009. (Id. at ¶ 3). Fox's law firm had previously been retained by M & T to record mortgages which had not been recorded in Pennsylvania. (Id. at ¶ 4). On or about January 25, 2008, Fox's firm filed a complaint to quiet title of plaintiffs' property in the Court of Common Pleas of Carbon County on M & T's behalf. (Id. at ¶ 5). In October 2009, Fox reports, M & T and Richman, Berenbaum & Associates, PC gave informed consent for Fox to represent both entities in this matter. (Id. at ¶ 6). Both parties, Fox represents, have waived any potential conflict of interests. (Id. at ¶ 7).

4

The court finds that defendants have validly consented to joint representation from Fox and his firm in this matter, and have been apprised of any concurrent conflict of interest that may exist. No claims by M & T against the law firm exist. As such, the defendants and their counsel have complied with the applicable rules of professional conduct, even assuming that some potential conflict of interest exists. The court will not disturb defendants' choice of counsel under these circumstances, and the plaintiffs' motion will be denied on those grounds.

### ii. Pennsylvania Rule of Professional Conduct 3.7

Plaintiffs also argue that Pennsylvania Rule of Professional Conduct 3.7 requires disqualification of plaintiff because he is a potential witness in the case. Rule 3.7 provides that "[a] lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." PA. R.P.C. 3.7.

The court finds that it would be premature to disqualify counsel at this point. Rule 3.7 refers to representation at trial, not during preliminary stages of the litigation. See id. at 3.7(a). The court cannot know if the evidence Fox might provide at trial would be uncontested or would be about the value of legal services rendered in the case. Courts have found that "Rule 3.7 pertains only to the lawyer-witness's representation of her client at trial; a lawyer that may be a witness at trial is able to

5

represent her client in pretrial matters." Evans v. Chichester Sch. Dist., 533 F.2d 523, 538 (E.D. Pa. 2008); see also, Foster v. JLG Indus., 372 F. Supp. 2d. 792, 798 (M.D. Pa. 2005) (finding that "The rule states that an attorney is prohibited from acting as an advocate *at* trial; however, there is no indication that an attorney is prohibited from acting as an advocate during pre-trial proceedings.") (emphasis in original). As such, the court will deny the motion on this basis without prejudice to plaintiffs raising it at a more appropriate time.

**Conclusion**

For the reasons stated above, the court will deny the plaintiffs' motion to disqualify defendants' counsel.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STAFFORD A. TOWNSEND; and BERYL R. TOWNSEND,** | : | No. 3:09cv1866 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| **M&T MORTGAGE CORP.; RICHMAN, BERENBAUM & ASSOCIATES, P.C.; and CHASE HOME FINANCE, LLC,** | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, this 8th day of February 2010, the plaintiffs' motion to disqualify Defense Counsel Christopher J. Fox and Richman, Berenbaum & Associates (Doc. 14) is hereby **DENIED**.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY
UNITED STATES DISTRICT COURT**