IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAFFORD A. TOWNSEND; and<br>BERYL R. TOWNSEND,<br>   Plaintiffs | : | No. 3:09cv1866 |
| | : | |
| | : | (Judge Munley) |
|   v. | : | |
| M & T MORTGAGE CORPORATION;<br>RICHMAN, BERENBAUM &<br>ASSOCIATES, P.C.; and<br>CHASE HOME FINANCE, LLC.,<br>   Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court is defendants' motion to dismiss the instant complaint. Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises from a debt owed by the plaintiffs to the defendants. (Complaint (Doc. 1) (hereinafter "Complt.") at ¶ 11). The debt, which apparently involved a home mortgage, was incurred primarily for personal and family or household purposes. (Id.). Defendant M & T Mortgage Corporation ("M & T") did not record or perfect a security interest in this debt. (Id. at ¶¶ 12-13). Defendant Chase Home Finance ("Chase") began to collect this debt on December 12, 2004. (Id. at ¶ 14).

Plaintiffs Stafford and Berryl Townsend petitioned for Chapter 7 Bankruptcy on

May 16, 2006. (Id. at ¶ 15). The Bankruptcy Court subsequently discharged plaintiffs' debt, on September 6, 2006. (Id. at ¶¶ 15, 18). Chase Home Finance held a claim listed in the plaintffs' bankruptcy petition. (Id. at ¶ 16). Plaintiffs allege that they provided Chase with notice that all future communications regarding that debt should be addressed to their attorney by filing for Chapter 7 bankruptcy and listing Chase Home Finance in their schedules. (Id. at ¶ 17). Despite this notice, Defendant Chase contacted plaintiffs by U.S. Mail at their residence on November 18, 2007. (Id. at ¶ 19). In that letter, Defendant Chase demanded payment of the debt plaintiffs alleged owed on their mortgage. (Id. at ¶ 20). They contacted plaintiffs directly, and did not first notify their attorney. (Id.). The notice Defendant Chase sent declared that "Chase Home Financial LLC is attempting to collect a debt and any information obtained will be used for that purpose." (Id. at ¶ 21). Plaintiffs insist that this debt had been discharged in bankruptcy. (Id. at ¶ 22).

Defendant Richman, Berenbaum & Associates, PC ("Richman") brought legal action against the plaintiffs to allow M & T to collect on the debt, despite knowing that the debt had been discharged in bankruptcy. (Id. at ¶ 23). Richman never sent plaintiffs a letter validating the debt as prescribed by 15 U.S.C. § 1692(g). (Id. at ¶ 23). No one took action to reopen the case and lift the discharge injunction from plaintiffs' bankruptcy. (Id. at ¶ 25). Despite knowledge of the bankruptcy discharge, Defendants M & T and Richman filed a complaint against plaintiffs to quiet title in the Court of Common Pleas of Carbon County, Pennsylvania on January 25, 2008. (Id.

2

at ¶ 26). Plaintiffs allege that M & T and Richman have acknowledged in that state-court suit that the debt was discharged in bankruptcy, and that their sole purpose in filing the suit was to place a lien on plaintiffs' property to secure payment of the discharged debt. (Id. at ¶¶ 27-28).

Plaintiffs brought the instant three-count action in this court on September 29, 2009. Count I alleges that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., by attempting to collect a debt that was lawfully discharged. Count II, brought pursuant to 11 U.S.C. § 524(a)(2), alleges that defendants violated the discharge injunction set forth in bankruptcy court by attempting to collect on the debt. Count III alleges violations of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.

Plaintiffs then served the complaint, and defendants filed answers and counterclaims. After the Hon. Edwin M. Kosik, a judge who also sits on this court, issued an opinion that addressed a nearly identical complaint and found that the plaintiffs' claims should be dismissed for failure to state a claim, defendants demanded that plaintiffs withdraw their claim in this court. When plaintiffs refused to do so, defendants filed the instant motion to dismiss (Doc. 35). The parties then briefed the issues, bringing the case to its present posture.

**Jurisdiction**

Because this case is brought pursuant to the FDCPA, 15 U.S.C. § 1692 and the Bankruptcy Act, 11 U.S.C. § 524, the court has jurisdiction pursuant to 28 U.S.C.

3

§ 1332. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over plaintiffs' state-law claim pursuant to 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.").

**Legal Standard**

Defendants seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). When a defendant files a motion pursuant to Rule 12(b)(6), all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988) (citing Estate of Bailey by Oare v. County of York, 768 F.3d 503, 506 (3d Cir. 1985), (quoting Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977) (per curiam)). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006)

(citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" a standard which "does not require 'detailed factual allegations,'" but a plaintiff must make "'a showing, rather than a blanket assertion, of entitlement to relief' that rises 'above the speculative level.'" McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Id.

**Discussion**

Defendants seek dismissal of each of plaintiffs' claims. The court will address them in turn.

### i. Discharge Injunction

Plaintiffs bring a claim pursuant to 11 U.S.C. § 524(a)(2). That section of the bankruptcy code provides that "[a] discharge under this title . . . (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. §

5

524(a)(2). Defendants contend that there is no private right of action for a violation of the discharge injunction under this section, and that plaintiffs' only remedy is an action for contempt in the bankruptcy court. Plaintiffs agree that Section 524 contains no explicit private right of action, but argue that this court has the power through 11 U.S.C. § 105(a) to issue an order of contempt against the defendants for violating the discharge injunction. That portion of the bankruptcy code permits courts to "issue any order, process, or judgment that is necessary or appropriate to carry out this title." 11 U.S.C. § 105(a).

The Third Circuit has not ruled explicitly on whether section 524(a)(2) creates a private right of action for violation of a bankruptcy court's discharge injunction. In discussing another section of the bankruptcy code, 11 U.S.C. § 506(b), however, the appeals court cited approvingly to cases that concluded that section 524(a)(2) contains no private right of action, and that section 105(a) also does not permit an action in district court seeking enforcement of the bankruptcy court's orders. Among other cases, the court cited Walls v. Wells Fargo Bank, 276 F.3d 502 (9th Cir. 2002), which explored the legislative history of Section 524 and concluded that "we cannot say that Congress intended to create a private right of action under § 524, and we shall not imply one." Walls, 276 F.3d at 510; see also Petruso v. Ford Motor Credit Co., 233 F.3d 417, 423 (6th Cir. 2000) (finding that "§ 524 does not impliedly create a private right of action"); Cox v. Zale Delaware Inc., 239 F.3d 910, 917 (7th Cir. 2001) (suit for contempt in bankruptcy court only remedy for § 524 violation);

6

Bassette v. AVCO Fin. Servs., Inc. 230 F.3d 439, 444-45 (1st Cir. 2000) (finding that there is no need to address whether a private right of action exists under Section 524, since plaintiff had "a remedy . . . readily and expressly available through another section of the Bankruptcy Code, namely § 105(a)). The Third Circuit examined these opinions on Section 524 and found that "[w]e agree with the reasoning of these cases, and see no reason why the rule should be different for actions asserted under § 506(b) than § 524." Joubert, 411 F.3d at 456. As such, the court concludes that no private cause of action exists pursuant to Section 524 and plaintiff cannot bring a claim in this court based on a violation of the discharge injunction.

Plaintiffs' contention that Section 105(a) allows this court to exercise jurisdiction to find defendants in contempt for violating the discharge injunction is equally unavailing. The Third Circuit of Appeals has concluded that the power contained in Section 105(a) to issue orders and injunctions to enforce the bankruptcy code "is a power tool, but . . . it operates only within the context of bankruptcy proceedings." Joubert, 411 F.3d at 455. Plaintiffs here attempt to add a private cause of action to the remedies provided in the bankruptcy code by using 11 U.S.C. § 105(a). The Third Circuit Court of Appeals has concluded that "§ 105(a) 'has a limited scope. It does not create substantive rights that would otherwise be unavailable under the Bankruptcy Code.'" Id. at 455 (quoting In re Continental Airlines, 203 F.3d 203, 211 (3d Cir. 2000). Plaintiffs must therefore go before the

7

bankruptcy court to obtain that relief, since "the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit such as this one." Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 421 (6 th Cir. 2000). The court will grant defendants' motion to dismiss on this point. Plaintiff may not obtain damages in this court for defendants' alleged violations of 11 U.S.C. § 524(a). To the extent that plaintiffs seek contempt citations as a remedy, they should seek such relief from the appropriate tribunal, the bankruptcy court.

### ii. Fair Debt Collection Practices Act

Defendants next argue that plaintiffs' claims brought pursuant to the FDCPA are preempted by the Bankruptcy Act and should be dismissed. Plaintiffs' claims for violation of the FDCPA are based on defendants' alleged violations of the bankruptcy code. Defendants insist that the remedies under the bankruptcy code are the sole remedies for their alleged actions, and plaintiffs claim therefore cannot be brought under the FDCPA.

The plaintiffs allege that defendants' actions in attempting to collect a debt lawfully discharged constitute violations of numerous provisions of the FDPCA. Plaintiffs contend that defendants violated the act's prohibition on communicating with a consumer in connection with a debt collection "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2). They also allege that defendants violated the law through

8

"[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692(f)(1). Finally, the plaintiffs allege a violation of 15 U.S.C. § 1692(g), which requires a debt collector to provide information on the account after communicating with a consumer. See 15 U.S.C. § 1692(g).

All of these complaints flow from defendants' alleged attempt to collect a debt that had been discharged through plaintiffs' bankruptcy. The plaintiffs contend that the debt no longer existed because of this discharge and any attempt to recover was barred by the injunction established in 11 U.S.C. § 524(a)(2). Thus, plaintiffs' attempt to use the FDCPA to obtain damages from these actions is an attempt to enforce section 524(a)(2) outside of the bankruptcy court. As explained above, courts in this circuit have determined that a plaintiff's remedy for violations of the discharge injunction is a contempt citation from the bankruptcy court.

"The Third Circuit has not addressed the issue of whether claims under the FDCPA are precluded under the Bankruptcy Code." Dougherty v. Wells Fargo Home Loans, Inc., 425 F.Supp. 2d 599, 604 (E.D. Pa. 2006). As demonstrated above, however, the Third Circuit has relied on the Ninth Circuit's reasoning in Walls on issues of the functioning of the bankruptcy act. In that case, the court found that "[t]here is no escaping that Wall's FDCPA calim is based on an alleged violation of § 524." Walls, 276 F.3d at 510. The court in Walls had just found that no private right

9

of action existed under Section 524 and reasoned that "[t]o permit a simultaneous claim under the FDCPA would allow through the back door what [plaintiff] cannot accomplish through the front door–a private right of action." Id. Since the Third Circuit has adopted the reasoning of the Ninth Circuit that no private right of action exists under Section 524, the conclusion that Section 524 precludes FDCPA claims follows logically.

Moreover, district courts in this circuit that have examined the question of whether plaintiff can bring an action pursuant to the FDCPA to remedy violations of a discharge injunction under Section 524(a)(2) have concluded that a plaintiffs' only remedy in that situation is contained in the bankruptcy act. Judge Edwin M. Kosik of this court, for instance, examined a nearly identical complaint and concluded that plaintiff could not bring a claim under the FDCPA. Judge Kosik surveyed decisions from a variety of jurisdictions and concluded that "[I]n light of the clear–and we believe, correct–trend in other circuits to hold that a FDCPA claim cannot remedy a § 524 discharge violation, we agree with Defendants that civil contempt is [plaintiff's] sole remedy." (Zehnder v. FDS Bank, No. 3:09cv1865, at 9 (M.D. Pa., March 18, 2010) (attached as Exh. 2 to defendants' motion to dismiss (Doc. 35)). Similarly, in Jones v. Wolpoff & Abramson, L.L.P., the court found plaintiff's FDCPA claims precluded by the bankruptcy act, reasoning that since the Third Circuit had adopted the Ninth Circuit's reasoning on the private right of action in Walls, the court would also follow that court's conclusions on whether FDCPA claims could be brought in a

10

Section 524 case. Jones v. Wolpoff & Abramson, L.L.P., No. 05cv5774, 2006 U.S. Dist. LEXIS 4031 at *10 (E.D. Pa., Feb. 1, 2006).

One reported case in this circuit has found that FDCPA claims were not precluded by the bankruptcy act, but the facts are different here. In Dougherty v. Wells Fargo Home Loans, Inc., 425 F. Supp.2d 599, 602-603 (E.D. Pa. 2006), the district court found that plaintiff's FDCPA claims were not precluded by the Bankruptcy Act. In that case, plaintiff complained that defendant had improperly sought to assess attorney's fees for debt collection on a mortgage during a pending bankruptcy. The court, noting that plaintiff complained about actions occurring before the discharge of her bankruptcy, found that Section 524(a) of the bankruptcy code did not apply. Id. at 604. Thus, the court found that it need not follow the holdings of courts in other circuits that "to permit a claim under the FDCPA 'would allow through the back door what [plaintiff] cannot accomplish through the front door–a private right of action [under § 524].'" Id. (quoting Walls, 276 F.3d at 510). The court there thus agreed that FDCPA claims were unavailable in the Section 524 context. Therefore, since the only remedy in this circuit for claims under Section 524(a)(2) is an action for contempt in the bankruptcy court and plaintiffs' claims are all based on violations of the discharge injunction under that statute, plaintiffs' claims under the FDCPA are precluded. The court will grant the motion on this point.

### iii. State-Law Claim

Finally, defendants argue that plaintiff cannot state a claim under the

Pennsylvania FCEUA. In any case, they contend, having dismissed all of plaintiffs' federal claims, the court should decline to exercise its jurisdiction over this state-law claim. The court agrees with the defendants, and will exercise its discretion to decline to hear this state-law claim since no federal interests exists in this case any longer. See 28 U.S.C. §§ 1367(a), 1367(c)(3) (providing supplemental jurisdiction over "all other claims that are so related to claims in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution" but allowing courts to decline jurisdiction after having "dismissed all claims over which it has original jurisdiction.").

**Conclusion**

For the reasons stated above, the court will grant the defendants' motion and dismiss the plaintiffs' case. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STAFFORD A. TOWNSEND; and BERYL R. TOWNSEND,** | : | No. 3:09cv1866 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| **M & T MORTGAGE CORPORATION; RICHMAN, BERENBAUM & ASSOCIATES, P.C.; and CHASE HOME FINANCE, LLC.,** | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, this 22nd day of June 2010, the defendants' motion to dismiss (Doc. 35) is hereby **GRANTED**. The Clerk of Court is directed to **CLOSE** the case.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY
UNITED STATES DISTRICT COURT**